IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EARVIN EALY,

      Plaintiff,

v.                                        CASE NO. 5:12-cv-00205-MP-CJK

GEO GROUP, INC., et al.,

      Defendants.

_____/

**O R D E R**

      This cause comes on for consideration upon the Magistrate Judge's Order and Report and Recommendation dated June 23, 2014. (Doc. 60).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  On July 7, 2014, Plaintiff filed objections to both the Magistrate Judge's Order and the Report and Recommendation, (doc. 62), to which Defendants filed a Response in opposition (doc. 63).  Plaintiff has moved to strike various portions of Defendants' Response in opposition (doc. 64), to which Defendants have also responded (doc. 65).  Finally, Plaintiff's counsel has filed a Motion to Withdraw as Counsel for Plaintiff (doc. 66) and Plaintiff, now proceeding *pro se*, has filed a motion for leave to amend his objections (doc. 67).

      The Court has reviewed the Magistrate Judge's Order for portions that are clearly erroneous or contrary to law, and has reviewed the Report and Recommendation *de novo*. Having considered the Order and Report and Recommendation, and the timely filed objections, I have determined that the motion to strike should be denied, the Magistrate Judge's Order should

be affirmed, and the Report and Recommendation should be adopted.  Further, Plaintiff's

counsel's motion to withdraw should be granted and Plaintiff's *pro se* motion for leave to amend

his objections should be denied.

## BACKGROUND AND PROCEDURAL POSTURE

Plaintiff is a legally blind inmate of the Florida Department of Corrections ("DOC") who

was confined at Graceville Correctional Facility ("Graceville CF") during the events set out in

his second amended complaint.  (Doc. 34).  He brings this action against the following six named

Defendants: DOC; Graceville CF Warden Mark Henry; Classification Supervisor Carrie

McGinty; Health Services Administrator Denise Payne; Nurse Gayle Womble; and Geo Group,

Inc. ("Geo Group").  *Id.* at 2–3.  Plaintiff avers that Geo Group is a private entity with whom the

DOC contracted for "the provision of medical, health, and other peneological [sic] services" at

Graceville CF.  *Id.* at 2.

As more fully set out in the Report and Recommendation, Plaintiff claims that between

July 2008 and August 2010, he "was without the assistance of a secondary aide for extended

periods, if at all."  *Id.* at 11.  Consequently, and as a result of Defendants' conduct, Plaintiff

allegedly injured himself and/or fell on several occasions, suffering "permanent injury,

disfigurement, and pain . . . ."  *Id.* at 4–11.  In his five count second amended complaint, Plaintiff

brings the following claims: (Count I) deliberate indifference in violation of 42 U.S.C. § 1983

and the Eighth Amendment against defendants Geo Group, Henry, Payne, McGinty, and

Womble; (Count II) violations of the Americans with Disabilities Act ("ADA") against DOC;

(Count III) violations of section 504 of the Rehabilitation Act ("RA") against DOC; (Count IV)

negligence against Geo Group; and (Count V) negligence *per se* against Geo Group.  *See* Doc.

34.  To date, Plaintiff has failed to serve Defendant DOC.  *See* Doc. 51; Doc. 53; Doc. 55 at 1;

Doc. 60 at 26.

On October 7, 2013, Defendants Geo Group, Henry, McGinty, Payne, and Womble (hereinafter "Defendants") filed a motion to dismiss Plaintiff's second amended complaint. (Doc. 41).  On April 4, 2014, Plaintiff filed a motion for leave to file a third amended complaint. (Doc. 53).  The third amended complaint would substitute Geo Group as the defendant in both Counts II and III and remove DOC as a defendant to the suit.  It would also re-assert claims accruing from Plaintiff's 2009 injuries based on an affidavit of Michael Donald Wiggins, an inmate assigned as Plaintiff's "impaired aide assistant" from January 2008 through September 2011.  *Id.* at 1–2.  Plaintiff previously dropped these claims from his second amended complaint, acknowledging that such claims were not exhausted as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  *See* Doc. 15; Doc. 33 at 2; Doc. 34.  Plaintiff now argues that the Wiggins Affidavit satisfies an exception to the exhaustion requirement.  (Doc. 53).

Subsequently, the Magistrate Judge issued an Order denying Plaintiff's motion for leave to amend ("Magistrate Judge's Order"), finding that amendment would be futile as it would still be subject to dismissal.  (Doc. 60).  Concurrent with his Order, the Magistrate Judge also issued a Report and Recommendation, recommending that Defendants' motion to dismiss be granted. *Id.*  On July 7, 2014, Plaintiff filed an objection to both the Magistrate Judge's Order and the Report and Recommendation.  (Doc. 62).  On July 9, 2014, Defendants filed a response to Plaintiff's objections.  (Doc. 63).  Therein, Defendants proffer arguments in response to both Plaintiff's objections to the Magistrate Judge's Order and Plaintiff's objections to the Report and Recommendation.  *Id.*  Plaintiff subsequently filed a motion to strike those portions of Defendants' response that were made in response to Plaintiff's objections to the Magistrate Judge's Order.  (Doc. 64).  Defendants then filed a response in opposition, arguing that pursuant

to both the Advisory Committee Note to Rule 72(a) and case law on the issue, a party may respond to objections raised to a magistrate judge's nondispositive order.  *See* Doc. 65. Subsequently, Plaintiff's counsel filed a motion to withdraw as counsel (doc. 66), and Plaintiff, now proceeding *pro se*, filed a motion for leave to amend his objections to the Magistrate Judge's Order and Report and Recommendation.

### *PLAINTIFF'S MOTION TO STRIKE*

Turning first to Plaintiff's motion to strike, Federal Rule of Civil Procedure 72(b) sets out the procedures for responding to the findings and recommendations of a magistrate judge.  The Rule provides that a party may serve and file specific written objections to a magistrate judge's findings and recommendations within 14 days after being served with a copy.  The opposing party may then respond to those objections within 14 days after being served with a copy.  FED. R. CIV. P. 72(b).  Rule 72(a), on the other hand, sets out the procedure for responding to a magistrate judge's nondispositive orders.  Similar to Rule 72(b), a party may serve and file objections to a magistrate judge's nondispositive order within 14 days after being served with a copy.  However, unlike Rule 72(b), Rule 72(a) does not explicitly provide for a mechanism by which an opposing party may respond to those objections.  *See* FED. R. CIV. P. 72(a).

Recognizing this discrepancy, the Eastern District of Wisconsin found in *Gen. Motors Corp. v. Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1243 (E.D. Wis. 1995), that Rule 72(a) "does not contemplate a response to the objections or a reply."  Based on this case law and the difference in language between Rules 72(a) and 72(b), Plaintiff now argues that those portions of Defendants' response in opposition regarding Plaintiff's objections to the Magistrate Judge's Order should be stricken.  *See* Doc. 64.

This Court disagrees.  First, despite its analysis of Rule 72(a), the court in *General*

*Motors Corp.* refused to strike the party's response, finding that the response would assist the court "in properly assessing the merits" of the case. *General Motors Corp.*, 887 F. Supp. at 1243. Here, Defendants' response to Plaintiff's objections would certainly assist this Court in assessing the merits of the appeal of the Magistrate Judge's Order. Accordingly, based on this consideration alone, this Court is inclined to entertain Defendants' response.

Second, a review of the court's analysis in *General Motors Corp.* shows that the court failed to reference and/or otherwise acknowledge the Advisory Committee Note to Rule 72(a). *See General Motors Corp.*, 887 F. Supp. at 1243. This note expressly states the following: "It also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." FED. R. CIV. P. 72(a) advisory committee's note. Based on this note, at least one federal court in Florida has recognized a party's right to file a response to an objection to a magistrate judge's nondispositive order. *See Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 223 n.13 (S.D. Fla. 1989). Although Advisory Committee Notes are not binding on this Court, the Eleventh Circuit has recognized that they "'are nearly universally accorded great weight in interpreting federal rules.'" *United States v. Davenport*, 668 F.3d 1316, 1321 n.9 (11th Cir. 2012) (quoting *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). Accordingly, this Court holds that, pursuant to the Advisory Committee Note to Rule 72(a), Defendants were entitled to file their response to Plaintiff's objections to the Magistrate Judge's Order. As such, Plaintiff's motion to strike must be denied.

### PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

Turning next to the substance of Plaintiff's objections to the Magistrate Judge's Order denying Plaintiff's motion for leave to amend, Plaintiff appears to object only to the following:

(1) the Magistrate Judge's findings regarding the appropriate statute of limitations period applicable to Count III; and (2) the Magistrate Judge's findings regarding the effect of the Wiggins Affidavit.[1]  The Court finds that these objections lack merit and the Magistrate Judge's Order must be affirmed.

First, concerning the statute of limitations, the Magistrate Judge found that the one-year statute of limitations period under Florida Statutes section 95.11(5)(g) should apply to Plaintiff's RA claim against Geo Group in Count III of the proposed amended complaint.  The Magistrate Judge also expressly rejected Plaintiff's contention that the four-year statute of limitations period under Florida's sovereign immunity statute, Florida Statutes section 768.28(14), should apply. Plaintiff now reasserts this position; however, he presents no new facts, arguments, or evidence showing how the Magistrate Judge's findings were clearly erroneous or contrary to law.  *See* FED. R. CIV. P. 72(a) (authorizing a district judge to "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law").

This Court finds that, even reviewing the Magistrate Judge's Order *de novo*, the limitations period under section 95.11(5)(g) should apply.  As the Magistrate Judge correctly noted, where a federal statute does not contain a limitations period, such as the RA claim asserted in Count III, district courts must "look to the most analogous state statute."  *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985)).  For RA claims, the most analogous limitations period is typically the

---

[1] Plaintiff does not object to the Magistrate Judge's finding that Geo Group would not be subject to liability under the ADA in Count II.  A review of Plaintiff's filings in this case shows that in Plaintiff's motion for leave to file a reply (doc. 55), Plaintiff admitted that "a claim under the ADA and leave to amend to add GEO as a Defendant in [Count II] should be denied."  *See* Doc. 55 at 2.

state's limitations period for personal injury actions.  *Everett*, 138 F.3d at 1409.  However,

Florida's statutes specifically provide that "an action brought by or on behalf of a prisoner . . .

relating to the conditions of the prisoner's confinement" must be commenced within one year.

FLA. STAT. § 95.11(5)(g) (2013).  Here, it is undisputed that Plaintiff is a prisoner and the claims

in his proposed amended complaint against Geo Group relate to the conditions of his

confinement.  Consequently, the limitations period in section 95.11(5)(g) is the most analogous

and must be applied.

     Florida's limitations period under its sovereign immunity statute, however, should not

apply.  Pursuant to Florida Statutes section 768.28, Florida partially waives its defense of

sovereign immunity in tort cases brought against the state and/or its agencies or subdivisions.

FLA. STAT. § 768.28(1) (2012).  However, the statute imposes the following limitation: "[e]very

claim against the state or one of its agencies or subdivisions for damages for a negligent or

wrongful act or omission pursuant to this section shall be forever barred unless . . . commenced .

. . within 4 years after such claim accrues."  § 768.28(14).  The statute defines "state agencies or

subdivisions" to include "corporations primarily acting as instrumentalities . . . of the state."

§ 768.28(2).  Plaintiff's proposed amended complaint would assert that Geo Group is a

corporation primarily acting as an instrumentality of the state.  As such, Plaintiff argues that his

claims against Geo Group should be governed by section 768.28, including its four-year statute

of limitations period.

     However, Plaintiff is mistaken.  As noted above, section 768.28 acts as a partial waiver of

Florida's sovereign immunity.  It applies only where a defendant would be entitled to raise

sovereign immunity.  Thus, Plaintiff's argument presupposes that Geo Group is entitled to raise

the defense of sovereign immunity.  However, pursuant to Florida Statutes section 957.05(1),

contractors operating private correctional facilities, such as Geo Group, may not raise sovereign immunity "as a defense in any action arising out of the performance of any contract entered into under this chapter or as a defense in tort, or any other application, with respect to the care and custody of inmates under the contractor's supervision and for any breach of contract." FLA. STAT. § 957.05(1) (1996).  Section 768.28, therefore, may not act as a *waiver* of sovereign immunity for Geo Group as Geo Group lacks any sovereign immunity defense with which to waive.  Because Geo Group is prohibited from asserting sovereign immunity in this action, this action may not be characterized as one brought pursuant to section 768.28, as is required for the application of the four-year limitations period.  *See* § 768.28(14).  For this same reason, section 768.28 may not be characterized as the most analogous state limitations period.  Instead, the limitations period in section 95.11(5)(g) is the most analogous and must be applied.

Second, concerning exhaustion, the Court agrees with the Magistrate Judge that Plaintiff failed to satisfy the PLRA exhaustion requirement concerning his alleged 2009 injuries, and that the Wiggins Affidavit fails to satisfy any exception to the exhaustion requirement.  Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion under the PLRA is a mandatory pre-condition to suit and is "treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008)).

The Eleventh Circuit has devised a two-step test for determining whether a claim should be dismissed for failure to exhaust administrative remedies.  First, the court looks to the factual allegations in the defendants' motion and the plaintiff's response.  *Turner*, 541 F.3d at 1082.  If

they conflict, the court accepts the plaintiff's version as true and determines whether, in that

light, the claim is subject to dismissal for failure to exhaust.  *Id.*; *see also Bryant*, 530 F.3d at

1373–74.  If the claim is not subject to dismissal at this first step, "the court then proceeds to

make specific findings in order to resolve the disputed factual issues related to exhaustion."

*Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373–74, 1376).  After making findings on

the disputed issues of fact, the court then decides whether, based on those findings, the plaintiff's

claim is subject to dismissal for failure to exhaust.  *Id.*

In the underlying order, the Magistrate Judge applied both steps of the *Turner*/*Bryant*

analysis and concluded that Plaintiff had failed to adequately exhaust his administrative remedies

concerning the alleged 2009 injuries.  Plaintiff, however, argues that the Magistrate Judge

engaged in improper fact-finding under this analysis.  Specifically, Plaintiff argues that where

the matter before a court is a motion for leave to amend and not a motion to dismiss, the court

should limit its analysis of the exhaustion issue to the face of the proposed amended complaint,

rather than making findings on the disputed issues.

In support of this position, Plaintiff points to a Report and Recommendation from this

District in *Hartley v. Clark*, No. 3:09cv559, 2010 WL 1187880 (N.D. Fla. Feb. 12, 2010).

There, Magistrate Judge Timothy stated in a footnote that when, on a motion for leave to amend,

"it is evident from the face of the proposed complaint that the new claims are unexhausted[,]

leave to amend is properly denied."  *Id.* at *1 n.1.  Plaintiff also points to *Shaw v. Hill*, No. 5:12-

CV-0135, 2013 WL 5571235, at *10 (M.D. Ga. Oct. 9, 2013), where the Middle District of

Georgia concluded that "leave to amend [would] not be denied for lack of exhaustion" and that

defendants could raise those issues by motion.

However, these cases do not support Plaintiff's position.  As stated by the court in

*Hartley*, "[l]eave to file an amended complaint pursuant to Rule 15(a)(2) . . . is properly denied where the new claims asserted would be subject to dismissal as a matter of law." *Hartley*, 2010 WL 1187880, at *1 n.1. The court concluded that, based solely on the allegations in the proposed amended complaint, the plaintiff's claims could not have been administratively exhausted. *Id.* However, that the court made its factual determination based solely on the face of the proposed amended complaint does not alter the exhaustion analysis under *Turner* and *Bryant*. Instead, because the allegations on the face of the proposed amended complaint in *Hartley* clearly demonstrated a lack of exhaustion, it was unnecessary for the court to resolve any factual disputes on the record. Here, unlike *Hartley*, the proposed amended complaint did not clearly demonstrate a lack of exhaustion. Consequently, pursuant to *Turner* and *Bryant*, the Magistrate Judge was required to turn to the second step in the analysis, making "specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082.

Further, the Middle District of Georgia's analysis in *Shaw* is entirely distinguishable. There, the court simply concluded that the exhaustion requirement would not bar "all supplemental claims pertaining to events occurring after an action is filed." *Shaw*, 2013 WL 5571235, at *10. Unlike the plaintiff in *Shaw*, here, Plaintiff seeks leave to amend his complaint to add claims pertaining to events that occurred *before* his action was filed. Consequently, given the development of the record in this case at the time the Magistrate Judge rendered his order, the Magistrate Judge was in a position to properly conduct his exhaustion analysis. The Court finds that the Magistrate Judge properly conducted the exhaustion analysis and the Court agrees with the Magistrate Judge's findings.

Based on these considerations, the Court finds that Plaintiff's objections to the Magistrate

Judge's Order are entirely devoid of merit.  The Order must be affirmed.

***PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION***

Turning next to Plaintiff's objections to the Magistrate Judge's Report and Recommendation, the Magistrate Judge found that Defendants' motion to dismiss should be granted.  First, concerning the negligence claims raised against Geo Group in Counts IV and V, the Magistrate Judge concluded that Plaintiff's state law tort claims would be time-barred pursuant to the same one-year statute of limitations period noted above, Florida Statutes section 95.11(5)(g).  Second, concerning Plaintiff's Eighth Amendment claims in Count I, the Magistrate Judge found that Plaintiff failed to state a claim upon which relief may be granted. Specifically, Plaintiff's allegations failed to show that Defendants' alleged conduct constituted deliberate indifference.  Finally, concerning Plaintiff's claims against the DOC in Counts II and III, the Magistrate Judge found that because Plaintiff had failed to serve the DOC within the requisite 120-day time limit, as required under Federal Rule of Civil Procedure 4(m), Plaintiff's claims should be dismissed.  Plaintiff now objects only to the Magistrate Judge's findings with respect to the appropriate limitations period in Counts IV and V and the adequacy of Plaintiff's allegations in Count I.  The Court finds that Plaintiff's objections lack merit and the Report and Recommendation should be adopted.

Turning first to the recommendations as to Counts IV and V, this Court finds that the Magistrate Judge applied the appropriate limitations period.  Plaintiff alleges claims of negligence and negligence *per se* against Geo Group in these respective counts.  Section 95.11(5)(g) applies to negligence actions brought by prisoners relating to the conditions of the prisoner's confinement.  *See Rogers v. Judd*, 389 F. App'x 983, 988–89 (11th Cir. 2010).  For this reason, as well as for the reasons stated above, the one-year statute of limitations period

under section 95.11(5)(g) must apply to Plaintiff's claims against Geo Group in Counts IV and

V.  As the Magistrate Judge correctly noted, Plaintiff's claims stem from incidents that occurred

in 2008, 2009, and 2010.  *See* Doc. 34.  Because Plaintiff did not file his original complaint until

June 27, 2012 (doc. 1), such claims are time-barred and must be dismissed.

Turning next to the recommendations concerning Plaintiff's Eighth Amendment claims

in Count I, Plaintiff argues that the Magistrate Judge engaged in fact-finding that is improper on

a motion to dismiss.  However, Plaintiff is mistaken.  As the Magistrate Judge correctly noted, in

considering a motion to dismiss, "the court construes the complaint in the light most favorable to

the plaintiff and accepts all well-pled facts alleged . . . in the complaint as true."  *Sinaltrainal v.*

*Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  If the facts as pleaded fail to state a claim

to relief that is plausible on its face, the complaint must be dismissed.  *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).

Upon review of the Report and Recommendation, the Court finds that the Magistrate

Judge properly analyzed Plaintiff's Eighth Amendment claims, considering the allegations raised

in Plaintiff's Second Amended Complaint and construing those allegations in a light most

favorable to Plaintiff.  The Court further finds that the Magistrate Judge properly concluded that

Plaintiff's Second Amended Complaint fails to state a claim to relief under the Eighth

Amendment that is plausible on its face.  Accordingly, the Court adopts the Magistrate Judge's

reasoning and finds that Plaintiff's claims in Count I must be dismissed.

As a final consideration, the Magistrate Judge recommends that this case be dismissed

without prejudice for failure to state a claim upon which relief can be granted pursuant to Federal

Rule of Civil Procedure 12(b)(6).  *See* Doc. 60 at 26.  He also recommends that the Court direct

the Clerk to close this file.  *Id.*  Plaintiff objects in part to this recommendation, arguing that the

Court should grant Plaintiff leave to amend his complaint so as to correct the deficiencies noted in the Report and Recommendation.  *See* Doc. 62 at 23–24.  Defendants also object, arguing that this matter should be dismissed with prejudice.  *See* Doc. 63 at 21.

According to the United States Supreme Court, the "primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."  *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).  A dismissal without prejudice rendered by a court after the running of the applicable statute of limitations acts as and carries the same effect of a dismissal with prejudice. *See Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) ("[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice.").

As explored in detail above, this Court has properly denied for futility Plaintiff's previous motion for leave to amend.  (Doc. 60).  In his instant objections, Plaintiff provides no explanation as to how a subsequent amended complaint would cure the defects noted in the Report and Recommendation.  In light of these considerations, this Court must deny Plaintiff leave to amend and dismiss the case without prejudice.  The dismissal should not act as a bar to Plaintiff potentially curing these defects and re-filing an action based on those claims that are not time-barred.  However, as to any claims that are now time-barred, the Court recognizes that such claims are effectively dismissed with prejudice pursuant to this Order.

## *MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF*

Next, Plaintiff's counsel has filed a motion to withdraw as counsel for Plaintiff.  (Doc. 66).  Counsel argues that, due to irreconcilable differences between Plaintiff, counsel, and counsel's law firm, counsel cannot continue to represent Plaintiff.  According to the motion,

Plaintiff consents to counsel's withdrawal, and opposing counsel does not object to the

withdrawal.  In light of these averments, the motion should be granted.  Attorney Marie A.

Mattox and her law firm, Marie A. Mattox, P.A., are relieved from any further responsibility for

representing Plaintiff in this action.  The motion indicates that Plaintiff's last known address is

Okeechobee Correctional Institution, 168th Street, Okeechobee, FL 34972, and the Institution's

telephone number is 863-462-5400.  This appears to be a partial address.  On June 23, 2014,

Plaintiff filed a notice of change of address, informing the Court that his current address is 3420

N.E. 168th Street, Okeechobee, FL 34972.  (Doc. 61).  That appears to be Plaintiff's complete

address.  Any future service upon Plaintiff in this matter shall be made to this last known

address, and the Clerk is directed to update Plaintiff's address accordingly.

### MOTION FOR LEAVE TO AMEND PLAINTIFF'S OBJECTIONS

Finally, Plaintiff, now proceeding *pro se*, has filed a motion for leave to amend his

objections to the Magistrate Judge's Order and Report and Recommendation.  (Doc. 67).

Therein, Plaintiff requests sixty (60) days in which to file additional amended objections "[s]o

that Plaintiff can add relevant facts and arguments."  *Id.*  However, Plaintiff fails to provide any

indication as to what these purported additional facts and arguments would be.  Further, Plaintiff

fails to indicate why the additional facts and arguments were not included in his initial set of

objections.

Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, a party may file

objections to a magistrate judge's orders and/or recommendations within 14 days after being

served with a copy.  The Court may extend this time for good cause where, on a motion made

after the time has expired, a party shows that he failed to act because of excusable neglect.  FED.

R. CIV. P. 6(b)(1)(B).  Here, Plaintiff has failed to show either good cause or excusable neglect

justifying the requested extension.  Thus, the motion should be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      Plaintiff's motion to strike and alternative motion to deem Magistrate Judge's Order a Report and Recommendation (doc. 64) is DENIED.

2.      Plaintiff's counsel's motion to withdraw (doc. 66) is GRANTED.  Attorney Marie A. Mattox and her law firm, Marie A. Mattox, P.A., are relieved from any further responsibility for representing Plaintiff in this action.  Any future service upon Plaintiff in this matter shall be made to his last known address, Okeechobee Correctional Institution, 3420 N.E. 168th Street, Okeechobee, FL 34972.  The Clerk is directed to update Plaintiff's address accordingly.  Plaintiff, now proceeding *pro se*, is reminded of his affirmative obligation to update the Court as to any future change in address.

3.      Plaintiff's *pro se* motion for leave to amend his objections to the Magistrate Judge's Order and Report and Recommendation (doc. 67) is DENIED.

4.      The Magistrate Judge's Order denying Plaintiff's motion to amend (doc. 60) is AFFIRMED.

5.      The Magistrate Judge's Report and Recommendation (doc. 60) is adopted and incorporated by reference in this order.

6.      Defendants' motion to dismiss (doc. 41) is GRANTED.

7.      This cause is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

8.      The Clerk is directed to close this file.

**DONE AND ORDERED** this   *5th* day of September, 2014

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge